PRITCHARD, APPELLANT, v. HANNAH, RESPONDENT.

(No. 4,287.)

(Submitted January 14, 1921. Decided March 7, 1921.)

[196 Pac. 517.]

*Guardians—Estates of Insane Persons—Claims—Actions—Parties.*

1. To recover money advanced to the wife of an incompetent for the purpose of paying an approved claim against his estate and thus to prevent the sale of land belonging to it, plaintiff's action lay against the wife and not against the guardian, in the absence of a showing that the guardian had requested plaintiff to assume the debt for the benefit of the estate generally.

*Appeal from District Court, Granite County; R. Lee McCulloch, Judge Presiding.*

ACTION by Maggie Pritchard, by Jessie Pritchard, her guardian *ad litem*, against E. A. Hannah, guardian of the estate of Thomas Robotham, an insane person. From a judgment for defendant, plaintiff appeals. Affirmed.

*Mr. J. J. McDonald* and *Mr. S. P. Wilson,* for Appellant, submitted a brief; *Mr. Wilson* argued the cause orally.

It was earnestly urged in the court below by defendant that plaintiff's proper procedure was the presentation of a claim to the guardian, and in case of his refusal of payment, then an action showing such facts, in the same manner that is required

in case of a claim against deceased persons. Presumably the court below was impressed by this argument and ruled accordingly. Our statutes relating to guardians make no provisions whatever for the presentation of claims to guardians as in the case of an administrator, nor is there any jurisdiction given to the court as a court of probate to determine controversies between the estate of the ward and claimants. Our statutes are taken from the California statutes, and the very question here concerned is expressly decided in the case of *In re Breslin's Estate,* 135 Cal. 21, 66 Pac. 962. In this case, under statutes of which our statutes are a copy, it is held that the claimant's only remedy is an action against the guardian. The plaintiff in this action followed the practice laid down in this decision. The case of *Turner* v. *Flagg,* 6 Ind. App. 563, 33 N. E. 1104, decides the same question decided in *In re Breslin's Estate.* This case is a leading case upon the subject and cites many authorities. That the claim disclosed in the complaint is a proper charge against the estate of the ward is scarcely the subject of argument. (*Turner* v. *Flagg, supra; Benedict* v. *Chase,* 58 Conn. 196, 8 L. R. A. 120, 20 Atl. 448; *Connolly* v. *Dolan,* 22 R. I. 60, 84 Am. St. Rep. 816, 46 Atl. 36; *Gillam* v. *Gillam,* 146 Ky. 15, 141 S. W. 370; *In re Skillman's Estate,* 146 Iowa, 601, 125 N. W. 343; *In re Levi Estate,* 224 Pa. 233, 140 Am. St. Rep. 295, 73 Atl. 334.)

*Mr. Lewis Brown* and *Mr. W. L. Brown,* for Respondent, submitted a brief; *Mr. W. L. Brown* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This is an appeal from a judgment rendered for the defendant after a demurrer was sustained to the complaint.

The action was brought to recover the sum of $593.60, which [1] plaintiff claims to have advanced for the benefit of the estate of Thomas Robotham, an incompetent person. The complaint alleges: That the plaintiff is under the age of twenty-one years, to-wit, of the age of fourteen and one-half years,

and that on December 6, 1916, Jessie Pritchard was duly appointed by the district court of Granite county her guardian *ad litem* for the purpose of this action; that on October 31, 1910, Thomas Robotham was adjudged to be an incompetent person, and has since that time continued to be incompetent; that on June 2, 1913, the defendant E. A. Hannah was appointed by the district court of Granite county the guardian of his person and estate, and, having qualified, entered upon and has since continued in the discharge of his duties as such; that prior to December 3, 1913, E. A. Hannah & Co., bankers at Philipsburg, Montana, had made certain advancements to the estate of Thomas Robotham and had paid out certain moneys for its use and benefit, which aggregated the sum of $593.60; that on that date this sum was due to E. A. Hannah & Co.; that a claim for the amount had been presented to E. A. Hannah, as guardian, and had been approved by the court as a charge upon the estate of the incompetent; that the estate consisted wholly of 200 acres of farm land situate in Granite county; that the said land was of the value of $5,000; that on June 16, 1913, the defendant guardian filed his petition in the district court of Granite county, praying for an order authorizing him to sell all of the land for the purpose of paying the indebtedness; that on July 12 the court granted the order prayed for, and that pursuant to it the defendant, on September 22, sold the land to one Olson for the sum of $5,000; that the defendant thereupon returned his account of sale to the district court with his petition for confirmation; that prior to the hearing Annie Robotham, the wife of the incompetent, filed her objections in writing to the confirmation of the sale and asked the court that it be vacated; that after a hearing of the petition and the objections on December 2 the court took the matter under advisement; that on December 3 the plaintiff, at the request of Annie Robotham, paid to E. A. Hannah the sum due to E. A. Hannah & Co.; and that in this way the indebtedness was fully paid and discharged. It is then alleged: "That Annie Robotham herein named at all times herein mentioned

was, and now is, the wife of Thomas Robotham, insane; that
the real estate hereinabove described at all times herein men-
tioned was, and now is, the home of the said Annie Robotham;
that upon the third day of December, 1913, at the instance and
request of Annie Robotham, wife of Thomas Robotham as
aforesaid, plaintiff paid to E. A. Hannah, guardian of the es-
tate of Thomas Robotham, the sum of $593.60; that such pay-
ment was made by the plaintiff to pay off the sums of money
owing by the estate of Thomas Robotham to E. A. Hannah &
Company, * * * and on account of which indebtedness the
said guardian had requested and petitioned the sale of the real
estate and home of the said Thomas Robotham and his wife;
that thereupon the said E. A. Hannah, guardian, paid to said
E. A. Hannah & Co. * * * the money so advanced and
paid to him by the plaintiff, to-wit, $593.60, and such payment
(constituted) was a full payment, settlement, satisfaction, and
discharge of all sums of money owing by said estate to said
E. A. Hannah & Co.; * * * that said payment was made
by plaintiff as herein alleged at the instance and request of
Annie Robotham, wife of Thomas Robotham, as herein alleged,
and for the sole and only purpose of paying the claim and ac-
count foregoing of E. A. Hannah & Co. against said estate and
in order to dispense with the necessity of having the real es-
tate foregoing sold or disposed of; that such payment was
made by plaintiff at the instance and request of Annie Robo-
tham in order that said home of Annie Robotham and Thomas
Robotham might be retained and be not sold, and in order that
the sale thereof be not confirmed, but that the confirmation of
such sale be refused by said district court, the former grounds
and necessities for such sale being removed and abated for the
time being by such payment; that thereafter, on the third day
of December, 1913, in the district court of the third judicial
district of the state of Montana, in and for the county of
Granite, in the matter of the confirmation of said sale of real
estate, the following proceedings were had in said court, all of
which is shown by reference to page 613, volume 3, of Probate

Journal of said district court, and which said journal entry is and reads as follows: 'That on Wednesday the third day of December, 1913, the following proceedings were had in this court, to-wit: The return and account and report of sale of real estate and the objections thereto which were heard and submitted to the court on yesterday, December 2, 1913, having been considered by the court, now on this day the court, in consideration of the offer of Annie Robotham, the objector herein, to pay the sum of $593.60, the amount due (her) to E. A. Hannah & Co., and which said sum has already been paid by the said Annie Robotham to the said E. A. Hannah & Co., and in consideration also of her agreeing to pay the amount of the necessary costs and disbursements incurred herein by the guardian of the said insane person for the publication of the order to show cause why an order of sale of real estate should not be granted herein, and for the publication of the notices of sale of real estate herein, and the court being of the opinion that it is for the best interests of the estate of the said Thomas Robotham, insane, and that it is also for the best interests of the said Annie Robotham, the wife of the said insane person, that said sale should not be confirmed, and it appearing to the court that it is not now necessary that said sale should be confirmed in order to raise money to support or maintain the said Annie Robotham, the wife of the said insane person: Now, therefore, it is ordered, and this does order, that said sale be, and the same is hereby, vacated and set aside, and that the same be not confirmed by this court, and the court hereby refuses to confirm said sale.' '' It is further alleged that, because of the payment so made by plaintiff to the guardian, the necessity for the sale of the real estate ceased, and it became and was no longer necessary that it be sold; that the claim and account of E. A. Hannah & Co. was fully discharged; that the payment went directly to, and inured to the immediate benefit of, the estate of Thomas Robotham, the incompetent, in the manner alleged, and that no part of the money so paid by plaintiff has ever been repaid to her, and the whole thereof, together with

interest at the rate of eight per cent from December 3, 1913, is now due.

The demurrer was general and special. The argument made in this court by counsel is addressed exclusively to the questions presented by the general demurrer. Attached to the complaint as an exhibit is a statement of the items making up the gross sum advanced by E. A. Hannah & Co. It is impossible to ascertain from it definitely at whose instance the advancements were made or for what purpose. Inasmuch as the court had recognized the amount as a proper charge against the estate of the incompetent, we may assume that it was such and proceed to determine whether, upon the facts stated, the plaintiff is entitled to recover.

The facts alleged disclosing to whom plaintiff advanced the sum she seeks to recover differ somewhat from those found by the court in its order discontinuing the sale proceeding. This variance is not of importance; for, whether the payment by plaintiff was made directly to E. A. Hannah, the guardian, as alleged, or was made to Annie Robotham and paid by her to Hannah, the result of the transaction was to establish the relation of debtor and creditor between Annie Robotham and plaintiff. For, if, as alleged, the payment was made to Hannah at the instance and request of Annie Robotham to serve her own purpose, namely, to enable her to retain the land as her home, she *ipso facto* became the debtor of the plaintiff. The debt due from the estate of the incompetent was thus fully discharged. There was no privity of contract between plaintiff and Hannah, either express or implied. If plaintiff had taken an assignment of the claim at the request of the guardian, or at his request had assumed the debt for the benefit of the estate generally, a wholly different question would be presented. The action does not proceed upon that theory. It proceeds upon the theory that in equity and good conscience plaintiff ought to be permitted to recover as against the guardian because she prevented the sale of the land and thus preserved it to serve the interests of Annie Robotham. As plaintiff did not act at

the request of the guardian, however, but at the request of Annie Robotham to accommodate her, and as the latter had no authority to act for the estate or to bind it in any way, the plaintiff must look to her for reimbursement. So far as the complaint discloses, she is possessed of ample means in her own right and is fully able to reimburse the plaintiff. There may be some underlying principle upon which the estate of the incompetent can be made chargeable by plaintiff with the sum in question. If there is, we are not cognizant of it, nor have counsel suggested it.

Counsel have cited several cases to support their contention that an action must be brought against the guardian to establish a disputed claim against the estate of his ward. We do not question the propriety of the rule announced in these cases. They presuppose, however, the existence of a *prima facie* valid claim.

It may be remarked that the case is somewhat anomalous in that it has grown out of dealings between a competent person and an infant of tender years. Counsel, however, do not refer to this fact in their brief and we merely mention it in passing. The demurrer was properly sustained.

The judgment is therefore affirmed.

*Affirmed.*

ASSOCIATE JUSTICES REYNOLDS, COOPER, HOLLOWAY and GALEN concur.